**EXHIBIT A**

DATE FILED: May 12, 2023
CASE NUMBER: 2023CV1030

District Court, Fremont County, State of Colorado

Court Address:

Fremont County Combined Courts
136 Justice Center Road
Canon City, CO 81212

FILED
MAY 1 2 2023
Fremont Combined Courts

Plaintiff: Nathaniel J. Chopp,

v.

The State of Colorado, The Colorado Department of Corrections, Nichole Prickett, Individually and In Her Official Capacity; Wallace Vellie, Individually and In His Official..., et al.

▲ COURT USE ONLY ▲

Attorney or Party Without Attorney (Name and Address):
Nathaniel J. Chopp, pro se
CDOC#101797
Fremont Correctional Facility
P.O. Box 999, Canon City, CO 81215

Case No:

23CV1030

**PLAINTIFF'S COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND PROFESSIONAL NEGLIGENCE**

COMES NOW, Plaintiff, Nathaniel J. Chopp, pro se, who hereby tenders the foregoing Complaint against the defendants as named herein, pursuant to 42 U.S.C. § 1983 for the deprivation of his civil rights, and for professional negligence pursuant to C.R.S. §13-20-601. In support thereof, Plaintiff states the following:

### I. INTRODUCTION & PRELIMINARY MATTERS.

Plaintiff, Nathaniel J. Chopp, is an inmate in the Colorado Department of Corrections. Mr. Chopp has no experience with pro se litigation, and is unable to afford the costs of a civil attorney.

1.

Mr. Chopp has requested, in a separate motion, for the appointment of counsel. (See, Motion for Appointment of Counsel). Nevertheless, the Court is required to construe Plaintiff's pro se complaint liberally. "Pleadings by pro se litigants must be broadly construed to ensure that they are not denied review of important issues because of their inability to articulate their argument like a lawyer." People v. Cali, 459 P.3d 516, 522 (Colo.2020). "The allegations of a pro se defendant are held to less stringent standards than formal pleadings drafted by lawyers. The court must liberally construe a pro se complaint and apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name." People v. Bergerud, 223 P.3d 686, 697 (Colo.2010).

This complaint sets forth claims of civil rights violations, as well as acts of negligence committed by a nurse working for the Colorado Department of Corrections, and against the State under the doctrine of respondeat superior. The negligence claims are brought under C.R.S. § 13-20-601, which requires that a plaintiff must file a certificate of review pursuant to C.R.S. § 13-20-602, or that those claims must be dismissed. Mr. Chopp is indigent, and in custody, in addition to being an unexperienced pro se litigant. Under Colorado statute, the certificate of review must be completed by another licensed professional in the same field, and must state that the actions of the licensed professional being sued have the appearance of impropriety. Obviously, it will cost money to consult with a licensed professional to review the acts complained of, and Mr. Chopp has no money, and has no way to contact anyone who could possibly review the acts complained of or write the required report. Thus, Plaintiff is seeking some form of judicial intervention. A proper motion has been filed together with the foregoing complaint addressing the situation. (See, Motion for Appointment of Professional to Conduct Review at State Expense). Denying this request would suggest that an indigent pro se litigant, or a poor person, is essentially barred from pursuing litigation against a licensed professional if he or she is unable to retain another licensed professional to complete the review. This idea, in and of itself raises obvious constitutional questions of fundamental fairness. For these reasons, and those

2.

explained in the accompanying motion, Mr. Chopp requests that this Court either make an appointment of a licensed professional to conduct a review of the acts complained of, or appoint counsel at state expense, or otherwise, to handle this portion of the case, since Mr. Chopp is obviously not at liberty to do so due to his incarcerated, indigent status and lack of resources.

## II. PARTIES.

1. The Plaintiff in this action is Nathaniel J. Chopp. Mr. Chopp is an incarcerated inmate of the Colorado Department of Corrections. His inmate identification number is 101797. He is currently incarcerated at the Fremont Correctional Facility in Canon City, Colorado. His mailing address is P.O. Box 999, Canon City, CO 81215. At the time of the acts complained of, Mr. Chopp was incarcerated at the Fremont Correctional Facility. Mr. Chopp is not represented by an attorney.

2. A Defendant to this case is the State of Colorado. The State of Colorado is being sued under the respondeat superior theory. C.R.S. § 24-10-106(1)(b) waives governmental immunity for liability and damages for injuries arising from the negligent operation of a correctional facility. See, State v. Nieto, 993 P.2d 493, 512 (Colo.2000).

3. A Defendant to this case is the Colorado Department of Corrections. The Colorado Department of Corrections is being sued under the respondeat superior theory. See Above Citations.

4. A Defendant to this case is Wallace Vellie, a nurse who was working at the Fremont Correctional Facility at the times complained of, and was acting under color of state law at those times as relevant to said acts. It is believed that nurse Vellie is/was a licensed professional, but it is unknown due to lack of records being provided by the CDOC at this time. Nurse Vellie is being sued in his/her individual and personal capacities, and in his/her official capacity. Nurse Vellie no longer works at the Fremont Correctional Facility, and it is unknown if this individual is still employed by the CDOC.

3.

5. A Defendant to this case is Nichole Prickett, a nurse supervisor who was in direct supervision of nurse Vellie at the Fremont Correctional Facility at the times complained of, and was acting under color of state law at those times as relevant to said acts. Nurse Prickett is a licensed professional, and was at the time of the acts complained of. It is unknown if Nurse Prickett still works for the CDOC at this time. Nurse Prickett is being sued in her individual and personal capacities, and her offcial capacity.

6. A Defendant to this case is Siobhan Burtlow, the Warden of the Fremont Correctional Facility. Warden Burtlow was the Warden of the Fremont Correctional Facility at all times complained of, and was acting under color of state law at all times relevant to the acts complained of. Warden Burtlow is being sued under the respondeat superior doctrine. Warden Burtlow is being sued in her individual and personal capacities, and in her official capacity. Warden Burtlow has a work address of Fremont Correctional Facility, P.O. Box 999, Canon City, CO 81215.

7. All CDOC related defendants may be served at the Colorado Department of Corrections Headquarters which is located at 1250 Academy Park Loop, Colorado Springs, Colorado 80910.

### III. JURISDICTION.

Jurisdiction is conferred pursuant to Colorado Constitution, Article VI, section 9, subsection 1, in that the acts and instances complained of herein occurred within the state of Colorado, and took place on the date of June 10, 2021, within the two (2) year statute of limitations as set forth under C.R.S. § 13-80-102.5(1) and C.R.S. § 13-80-102, as well as 42 U.S.C. § 1983.

Venue is proper within the district court of the County of Fremont because the acts complained of took place at the Fremont Correctional Facility, in Canon City, Colorado.

## IV. RELEVANT FACTS.

Nathaniel J. Chopp was an inmate at the Fremont Correctional Facility in June of 2021. Mr. Chopp was a chronic care patient who required medications multiple times per day. Mr. Chopp was diagnosed at that time with cataplexy narcolepsy, and was taking a medication called "Keppra" for pain management to treat his plantar fasciitis. He also took the Keppra to treat his seizures. Mr. Chopp was taking 1000mg of Keppra per day, in the morning.

In order to get his Keppra, Mr. Chopp had to go to the facility's medication line. At med-line, Mr. Chopp would wait in line, with his assigned Offender Care Aide (OCA) and then when he reached the medication window he would provide his inmate ID card, which would then be scanned on the computer barcode system, and the nurse who was working the window would see the medications that were to be given to Mr. Chopp on the computer screen.

Under facility protocal, not statewide policy, some medications are listed under a "crush-and-float order" which requires staff to put the medication into a small plastic baggie, show the pills to the inmate in the baggie, have the inmate identify that the pills in his view in the baggie are in fact his medication, and then crush those pills and put them in water. This process is done in an effort to avoid inmates diverting and abusing their medications, and it applies to the specific medication, not the inmate. In other words, Mr. Chopp did nothing to have his meds crushed and floated. Keppra was on a crush and float list for all FCF inmates.

On 06/10/2021 Mr. Chopp went to the morning med-line to get his medications. Nurse Wallace Vellie was working at the medication window. Mr. Chopp got up to the window, held his ID out to be scanned, and Nurse Vellie scanned the ID. Nurse Vellie then reached down into the medication cabinets, popped several pills out of their packages and into a bag and began crushing them. Mr. Chopp said "Hey, you didn't show me the meds." Nurse Vellie replied

5.

by saying "That was your 1000mg of Keppra sir, I verified it before I crushed it." Mr. Chopp said he wanted the nurse to dump out the pills that were in the cup at that point and start over, and Nurse Vellie refused to do so, stating "These are your meds. If you are not going to take them, I will mark refused on your chart." Afraid to suffer a siezure, Mr. Chopp had no choice but to take the meds that were in the cup, and to trust Nurse Vellie. (When Mr. Chopp does not take his Keppra he often suffers violent and humiliating siezures.) Mr. Chopp swallowed the medication and returned to his living unit.

At 11:45AM, Mr. Chopp's cellmate, Ryan Barrie (DOC#180879) returned to their cell to find Mr. Chopp unresponsive on the floor, bleeding. Mr. Barrie helped Mr. Chopp to his feet but Mr. Chopp began to stumble around, and fell into the wall and metal bunkbed while Mr. Barrie tried to get him to his bed. Mr. Chopp was unable to speak clearly and could not stand up. Thinking it was some type of narcoleptic episode, Mr. Barrie put Mr. Chopp into his bunk and left the cell.

About an hour later Mr. Chopp was contacted by staff and escorted to the facility library for "medical observation." When he got to the library, Mr. Chopp was informed by staff that he had been dosed with 1000mg of Seroquel - an extremely powerful sedative and psychotic medication - instead of his Keppra. In total, ten (10) offenders had been incorrectly dosed with Seroquel. One had to be rushed to St. Thomas Moore Hospital. Mr. Chopp had to stay in the library for several hours until 1900. An incident report was generated by FCF staff.

Mr. Chopp has continued to suffer from being given a life-threatening dose of Seroquel on 06/10/2021. He regularly loses balance, worse than he used to; he has difficulty speaking, a symptom he never had until being dosed with Seroquel, and has complete memory loss from several months surrounding this event. At the time he was dosed with the Seroquel, Mr. Chopp fell and hit his head and hand, his knees, his hip, and was almost paralyzed from the medication. He could not speak, see, or think.

Nurse Vellie's conduct caused severe, lasting physical pain from Mr. Chopp's falling after being dosed with 1000mg of Seroquel; and serious, permanent mental impairment and mental anguish.

The other offenders affected by Nurse Vellie on 06/10/2021 were:

- Washington, Darnell #158387
- Bobb, Paul #54891
- Renfro, Kevin #176840
- Smith, Korbin #155392
- Weignard, Robert #45728
- Fredericks, Raymond #185767
- Simon, Thomas #167729
- Frasco, Richard #119872
- Casias, Tommy #52804

While the aforementioned individuals are not a part of this suit, it is important that readers of this complaint are informed, as it makes clear that the Seroquel dosing was no mistake or oversight.

Mr. Chopp requests a jury trial, and damages to be determined at trial, plus exemplary damages against the defendants, both jointly and severly.

## V.  CLAIMS.

### Claim #1: Nursing Malpractice.

Mr. Chopp asserts the following claim against Defendant, Nurse Wallace Vellie.

At the time of the incident on 06/10/2021, Nurse Vellie was a nurse, licensed in the State of Colorado, and working in a Colorado state correctional facility. Nurse Vellie was expected to conduct himself in a manner reasonably consistent with statewide practices and standards. Nurse Vellie knew, or was expected to know the "crush and float" procedures, and when Mr. Chopp said he had not identified the pills as his medications, the cup should have

7.

been discarded in the trash, and Nurse Vellie should have retrieved more Keppra, placed those correct pills into the plastic baggie, shown the uncrushed pills to Mr. Chopp to be identified, and once identified only then should the pills have been crushed and put in the cup of water. Nurse Vellie committed malpractice when he told Mr. Chopp that the pills were his own and that if he did not take them that he would write a refusal, thereby depriving Mr. Chopp of his medications. As a result of Nurse Vellie's conduct, Mr. Chopp ended up being dosed with 1000mg of Seroquel. Nurse Vellie's actions were wilful and wanton, and he should have known that what he was doing was contrary to nursing standards.

Mr. Chopp requests a jury trial on this claim and seeks monetary damages to be determined at trial, as well as exemplary damages.

### Claim #2: Medical Negligence.

Mr. Chopp asserts the following claim against Nurse Wallace Vellie, Defendant.

Nurse Vellie was negligent in his medical duties as a nurse on 06/10/2021 when he dosed Mr. Chopp with 1000mg of Seroquel, instead of the prescribed 1000mg of Keppra. As a result of dosing Mr. Chopp with the wrong medication, Mr. Chopp suffered physical and mental injury.

Nurse Vellie had a duty as a nurse to pay attention to the medications he was giving out to his patients. Nurse Vellie had a duty to ensure that his patients were receiving the correct medications, in the proper dose. Nurse Vellie failed to uphold that duty. A nurse acting in a reasonably careful capacity would not mistakenly dose ten (10) patients with a massive, potentially-lethal amount of Seroquel.

Mr. Chopp requests a jury trial on this claim and seeks monetary damages to be determined at trial, as well as exemplary damages.

### Claim #3: Deliberate Indifference.

Mr. Chopp asserts the following claim, pursuant to 42 U.S.C. § 1983 for a violation of his civil rights.

This claim is asserted against Defendant, Nurse Wallace Vellie.

Nurse Vellie was deliberately indifferent when Mr. Chopp told him that he had not seen the pills placed into the baggie before the pills were crushed and put in a cup of water. Nurse Vellie knew about the facility "crush and float" protocal, and was also aware of Mr. Chopp's medical needs, and prescribed medications. As a result of Nurse Vellie's deliberate indifference towards Mr. Chopp, even after Mr. Chopp tried to correct the problem by asking for the pills to be dumped out and issued anew, Nurse Vellie essentially forced Mr. Chopp to take the medications that he had crushed in the cup, which were not Keppra, but rather 1000mg of seroquel, which caused Mr. Chopp physical and mental injury.

Mr. Chopp requests a jury trial on this claim and seeks monetary damages to be determined at trial, as well as exemplary damages.

### Claim #4: Nursing Malpractice via Respondeat Superior Doctrine.

Mr. Chopp asserts the following claim against the State of Colorado, the Colorado Department of Corrections, Warden Siobhan Burtlow, and Nurse Nichole Prickett under the doctrine of respondeat superior.

Under Colorado law the state can be held liable under respondeat superior for all damages resulting from the negligence of its employees. Nurse Vellie was an employee of all of the defendants named in this claim at the time of the act complained of. Thus, Mr. Chopp realleges as if fully set forth herein, the facts and allegations under Claim #1, and seeks to hold all of these defendants liable for Nurse Vellie's actions on 06/10/2021 which caused Mr. Chopp's injuries.

Mr. Chopp requests a jury trial on this claim and seeks monetary damages to be determined at trial, as well as exemplary damages.

**Claim #5:   Medical Negligence via Respondeat Superior Doctrine.**

Mr. Chopp asserts the following claim against the State of Colorado, the Colorado Department of Corrections, Warden Siobhan Burtlow, and Nurse Nichole Prickett under the doctrine of respondeat superior.

Under Colorado law the state can be held liable under respondeat superior for all damages resulting from the conduct and negligence of its employees. Nurse Vellie was an employee of all the defendants named in this claim at the time of the acts complained of. Thus, Mr. Chopp reallges as if fully set forth herein, the facts and allegations under Claim #2, and seeks to hold all of these defendants liable for Nurse Vellie's actions on 06/10/2021 which caused Mr. Chopp's injuries.

Mr. Chopp requests a jury trial on this claim and seeks monetary damages to be determined at trial, as well as exemplary damages.

**Claim #6: Deliberate Indifference via Respondeat Superior Doctrine.**

Mr. Chopp asserts the following claim against the State of Colorado, the Colorado Department of Corrections, Warden Siobhan Burtlow, and Nurse Nichole Prickett under the doctrine of respondeat superior.

Under Colorado law the state can be held liable under respondeat superior for all damages resulting from the conduct and negligence of its employees. Nurse Vellie was an employee of all the defendants named in this claim at the time of the acts complained of. Thus, Mr. Chopp reallges as if fully set forth herein, the facts and allegations under Claim #3, and seeks to hold all of thesze defendants liable for Nurse Vellie's actions on 06/10/2021 which caused Mr. Chopp's injuries.

Mr. Chopp requests a jury trial on this claim and seeks monetary damages to be determined at trial, as well as exemplary damages.

## VI. JURY TRIAL DEMAND ON ALL CLAIMS.

Mr. Chopp hereby demands a trial by a jury on all claims #1 through #6 as presented forthwith in this complaint.

## VII. RELIEF REQUESTED.

Mr. Chopp seeks monetary damages from Nurse Wallace Vellie for claims #1 through #3 in an amount to be determined at trial, and exemplary damages; and Mr. Chopp seeks monetary damages from all other defendants, to be paid jointly and severly, in an amount to be determined at trial under the respondeat superior doctrine, for claims #4 through #6, and exemplary damages.

WHEREFORE, Mr. Chopp respectfully requests a jury trial and relief in his favor.

This __8__ day of __May__, 20__23__.

Respectfully Submitted,

_（signature）_
Nathaniel J. Chopp, pro se
Plaintiff
CDOC#101797
Fremont Correctional Facility
P.O. Box 999
Canon City, CO 81215

11.

## CERTIFICATE OF SERVICE

I, Nathaniel J. Chopp, hereby certify that I have served the Complaint against the following individuals by placing a sealed envelope containing a copy of the same into the inmate mailbox at the Fremont Correctional Facility in Canon City, Colorado on this 8 day of May, 2023.

Recipients

Fremont County Justice Center
136 Justice Center Road
Canon City, CO 81212


/s/Nathaniel J. Chopp

12.